### In re: FRETTED MUSICAL INSTRUMENTS ANTITRUST LITIGATION.

#### MDL No. 2121.

United States Judicial Panel on Multidistrict Litigation.

Dec. 9, 2009.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., and DAVID G. TRAGER, Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Plaintiff in one Southern District of California action (*Giambusso*) has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of California. This litigation currently consists of seven actions listed on Schedule A and pending in three districts as follows: four actions in the Southern District of California, two actions in the Central District of California and one action in the Northern District of Illinois.[1]

All responding parties agree that centralization is appropriate, but disagree on the most appropriate transferee district for this litigation. Defendants National Association of Music Merchants, Inc. (NAMM), Guitar Center, Inc. (Guitar Center) and Fender Musical Instruments Corp. (Fender) support centralization in the Southern District of California as do plaintiffs in several potential tag-along actions. The remaining responding plaintiffs in constituent or tag-along actions favor centralization in the Central District of California, the District of the District of Columbia or the Eastern District of Texas.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact. Centralization under Section 1407 in the Southern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions were

1. The parties have notified the Panel that 27 related actions are pending: ten actions in the Central District of California, eight actions in the Southern District of California, four actions in the District of District of Columbia, two actions in the Eastern District of Texas, and one action each in the Northern District of Illinois, the Southern District of Illinois and the Western District of Kentucky.

These actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001). Under Panel Rule 7.5(a), requests for reassignment of the eight Southern District of California potential tag-along actions are made in accordance with local rules for the assignment of related actions. *Id.* at 436.

spawned by the same Federal Trade Commission investigation, and consent decree. Common factual questions relate to allegations that NAMM conspired with its retail and/or manufacturing members to fix, raise, maintain or stabilize the prices of musical instruments and/or equipment in violation of the federal antitrust statutes and/or state unfair competition statutes. Some plaintiffs define the involved products as acoustic and electric guitars, violins, amplifiers and strings, referred to as fretted musical instruments. Plaintiffs in other actions define the involved products more broadly, i.e., as acoustic or electric guitars, drum sets, keyboards, mixers, amplifiers or related accessories. All actions, however, arise out of the same allegedly infringing conduct and involve common discovery and other pretrial proceedings. Centralization of all actions in one MDL docket will, therefore, eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

■ We select the Southern District of California as transferee district. Plaintiffs in more than fifteen known actions and responding defendants support centralization in a California district. Defendants NAMM and Guitar Center are headquartered in California. Fender has a manufacturing facility there. Accordingly, the Southern District of California is a convenient district for parties, witnesses, and access to documents.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of California are transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable Larry A. Burns for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

IT IS FURTHER ORDERED that this docket is renamed as follows: IN RE: Musical Instruments and Equipment Antitrust Litigation.

## SCHEDULE A

MDL No. 2121 — **IN RE: FRETTED MUSICAL INSTRUMENTS ANTITRUST LITIGATION**

*Central District of California*

    *Allen Hale v. Guitar Center, Inc., et al.,* C.A. No. 2:09–6897

    *Mark O'Leary v. Guitar Center, Inc., et al.,* C.A. No. 2:09–7015

*Southern District of California*

    *David Giambusso v. National Association of Music Merchants, Inc., et al.,* C.A. No. 3:09–2002

    *Colby Giles v. Guitar Center, Inc., et al.,* C.A. No. 3:09–2146

    *Rory W. Collins v. Guitar Center, Inc., et al.,* C.A. No. 3:09–2151

    *David Keel v. Guitar Center, Inc., et al.,* C.A. No. 3:09–2156

*Northern District of Illinois*

    *Alex Teller v. Guitar Center, Inc.,* C.A. No. 1:09–6104